**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JENNIFER HAYES,
             Appellant,

             v.

SELECTIVE SERVICE SYSTEM,
             Agency.

DOCKET NUMBER
DC-0752-21-0532-I-1

DATE: August 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer D. Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Christopher J. Keeven, Esquire, and Conor D. Dirks, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. On petition for review, the appellant raises new arguments concerning discovery and the merits of her appeal and states that she waived her hearing request because she could no longer afford to pay her

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

attorney. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's new arguments on review and to correct harmless error concerning the analysis of the appellant's affirmative defenses, we AFFIRM the initial decision.

¶2      The appellant argued below and on review that she was removed due to her race and sex because unidentified agency executives (who were all white and all male except for one) had also been through audits that identified problems, but they were permitted to correct errors, whereas the appellant was removed. Initial Appeal File (IAF), Tab 22 at 27; Petition for Review (PFR) File, Tab 1 at 5, 13. The administrative judge found that the appellant failed to prove that the removal was based on prohibited considerations. IAF, Tab 23, Initial Decision (ID) at 12-13. The Board recently clarified that the methods by which an appellant may prove a claim of discrimination under Title VII are: (1) direct evidence; (2) circumstantial evidence, which may include (a) evidence of "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn," also known as

"convincing mosaic"; (b) comparator evidence, consisting of "evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic . . . on which an employer is forbidden to base a difference in treatment received systematically better treatment"; (c) evidence that the agency's stated reason for its action is "unworthy of belief, a mere pretext for discrimination" (i.e., the burden-shifting standard under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-04 (1973)); and (3) some combination of direct and indirect evidence. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 24 (citations omitted). This clarification of the legal standard does not change the result in this case because the administrative judge correctly determined that the appellant failed to proffer any comparator evidence or motive evidence, and therefore, she failed to establish that the removal was motivated by prohibited discrimination. ID at 13. Therefore, we agree with the administrative judge's conclusion that the appellant has failed to meet her burden to establish this affirmative defense.

¶3    The appellant alleged below that the deciding official violated her due process rights when he considered the following charges from the agency's table of penalties in determining that removal was appropriate: falsification, disregard of directive, intentional failure to observe a written order, and careless or negligent failure to observe a written regulation. IAF, Tab 22 at 28-29. The administrative judge found that although the charges were not identical, the information in the proposal notice alerted the appellant to facts suggesting her underlying conduct could fall within these categories and the appellant was notified and responded to the allegations underlying the charges. ID at 14-15. The administrative judge's brief analysis of this issue did not sufficiently describe why the appellant's argument fails. However, for the reasons discussed below, that error was harmless.

¶4    In *Jenkins v. Environmental Protection Agency*, the Board reversed the appellant's removal on due process grounds because the deciding official relied

on a recommendation in the table of penalties for an offense with which the appellant was not actually charged. 118 M.S.P.R. 161, ¶¶ 9-12 (2012). The instant appeal is similar to *Jenkins* to the extent that the deciding official considered a recommendation in the table of penalties of which the appellant was not on notice. This amounted to an ex parte communication. *See id.*, ¶¶ 10-12.

¶5     However, not every ex parte communication is a procedural defect so substantial and so likely to cause prejudice that it undermines the due process guarantees and entitles the claimant to an entirely new administrative proceeding; rather, only ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The Board will consider the following factors, among others, to determine whether an ex parte contact is constitutionally impermissible: (1) whether the ex parte communication merely introduces "cumulative" information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Jenkins*, 118 M.S.P.R. 161, ¶ 11.

¶6     Here, we find that the information at issue was cumulative of that presented to the appellant in the notice of proposed removal. The proposed notice identified the charges as poor judgment, lack of candor, and negligent performance of duties for conduct the proposing official said was "cause for great concern" and for which only removal would promote the efficiency of the service. IAF, Tab 12 at 52-54. As the administrative judge reasoned, misrepresentation is an element of lack of candor, and the table of penalties listed the penalty for falsification or misrepresentation. ID at 14; IAF, Tab 12 at 103. The recommended range of penalties for a first offense of "falsification/misrepresentation" is also written reprimand to removal. IAF, Tab 12 at 103. Thus, the deciding official's error did not alter the range of

penalties that the appellant already knew that she was facing. *Id.*; *see Blank v. Department of the Army*, 247 F.3d 1225, 1229-30 (Fed. Cir. 2001) (finding that a deciding official did not violate an employee's right to due process by conducting interviews "merely to confirm and clarify information that was already contained in the record."). Moreover, the notice itself reflected that the agency viewed the appellant as concealing material facts. *Compare*, IAF, Tab 12 at 55-56 (indicating, in pertinent part, that the appellant made misrepresentations and omitted "material facts" from her statement)*, with Jenkins*, 118 M.S.P.R. 161 ¶¶ 9, 12 (finding that the deciding official violated an appellant's due process rights when the charge listed on the proposal notice was identical to one in the table of penalties, but the deciding official relied on a different charge listed in the table because she felt it was comparable in gravity to the appellant's misconduct and allowed for a higher penalty). Considering the totality of the circumstances, we find that the deciding official's error was not "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377.

¶7 The appellant states on review that she waived her hearing request because she could no longer afford to pay her attorney. PFR File, Tab 1 at 5. An appellant has the right to be represented by an attorney or another representative. 5 U.S.C. § 7701(a)(2). However, it is well settled that the right of appeal is personal to the appellant, whether or not she is represented, and she remains responsible for prosecuting and developing her appeal. *Mashack v. U.S. Postal Service*, 96 M.S.P.R. 174, ¶ 8 (2004); *see Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008). The appeal form completed by the appellant notified her of her right to request a hearing, as did the administrative judge's Acknowledgment Order. IAF, Tabs 1, 2. To the extent the appellant regrets waiving her right to a hearing, she must accept the consequences of that decision. *See Brum*, 109 M.S.P.R. 129, ¶ 5.

¶8     The appellant presents new arguments on review that the agency did not give her access to her emails, which she contends would provide important evidence, and that the agency did not use progressive discipline in violation of Executive Order No. 14,003.  PFR File, Tab 1 at 5-6.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  We are not persuaded that the appellant's argument that the agency violated Executive Order No. 14,003 is based on previously unavailable information given that it was publicly issued 6 months before the appellant filed her appeal.  Exec. Order No. 14,003, 86 Fed. Reg. 7231 (Jan. 22, 2021); IAF, Tab 1.  As to the emails, the appellant had the opportunity to conduct discovery and does not dispute that she issued discovery requests, including requests for the production of documents, or that the agency responded and supplemented its responses to those requests.  5 C.F.R. § 1201.73(a); PFR File, Tab 3 at 12, 16.  To the extent she believed the agency's responses were deficient, the appropriate course of action would have been to file a motion to compel, which the appellant did not do.  5 C.F.R. § 1201.73(c)(1); PFR File, Tab 3 at 12.  Therefore, we are not persuaded that she exercised due diligence with regard to the emails.  *See Walton v. Tennessee Valley Authority*, 48 M.S.P.R. 462, 468-69 (1991) (stating that an appellant is responsible for the absence of evidence to support her claims if she fails to exercise due diligence in pursuing discovery).  Accordingly, we will not consider these arguments raised for the first time on review.  *See Avansino*, 3 M.S.P.R. at 214.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                       /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.